IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re TK HOLDINGS, *et al.*, | Chapter 11 |
| | Bankr. Case No. 17-11375-BLS |
| Debtors. | (Jointly Administered) |
| | |
| ERIC D. GREEN, as Trustee of the | Adv. No. 20-51004-BLS |
| Takata Airbag Tort Compensation Fund, | |
| | |
| Plaintiff-Appellee, | |
| v. | Misc. No. 21-59-RGA |
| | |
| MITSUI SUMITOMO INSURANCE COMPANY, | |
| LIMITED, | |
| | |
| Defendant-Appellant. | |

**MEMORANDUM**

Appellant Mitsui Sumitomo Insurance Company Limited ("MSI"), defendant in the above-captioned adversary proceeding, has filed a motion seeking leave to appeal (D.I. 1) ("Motion for Leave") the interlocutory *Memorandum Order Granting the Plaintiff's Motion for Alternative Service* (Adv. D.I. 21)[1] ("Order") entered by the Bankruptcy Court on February 23, 2021. Having considered the papers filed in connection with the Motion for Leave, including the response (D.I. 6) filed by the plaintiff Eric D. Green, as Trustee of the Takata Airbag Tort Compensation Trust Fund ("Trust"), and MSI's reply in further support of the Motion for Leave (D.I. 7), the Court will deny the Motion for Leave for the reasons set forth below.

**I.    BACKGROUND**

On June 25, 2017 ("Petition Date"), TK Holdings Inc. and certain affiliates ("Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in response to

---

[1] The docket of the Chapter 11 cases, captioned *In re TK Holdings, Inc.*, No. 17-11375-BLS (Bankr. D. Del.), is cited herein as "B.D.I. __." The docket of the adversary proceeding, captioned *Green v. Mitsui Sumitomo Ins. Co., Limited,* Adv. No. 20-51004-BLS (Bankr. D. Del.) is cited herein as "Adv. D.I. __."

liabilities arising from personal injury and/or wrongful death claims ("PI/WD Claims") allegedly caused by airbag inflators manufactured by the Debtors. MSI, a Japanese company, issued insurance policies to the Debtors providing up to $120 million in coverage for such claims. MSI, through its United States counsel, participated in the chapter 11 case, including filing an objection to plan confirmation and appearing at the confirmation hearing. (B.D.I. 1946, 2111). On February 21, 2018, the Bankruptcy Court confirmed the Debtors' plan of reorganization (B.D.I. 2120), which established the Trust to administer PI/WD Claims (B.D.I. 2502-1, § 1.2(a)(ii)). The plan also provided for the transfer of the Debtors' insurance rights to the Trust.

On September 22, 2020, MSI denied coverage for the PI/WD Claims. On September 30, 2020, Trustee filed a motion to enforce the plan and confirmation order provisions regarding the transfer of insurance rights to the Trust and the insurer's obligations, to which MSI objected. (B.D.I. 4229). After a hearing on October 21, 2020, the Bankruptcy Court issued a letter ruling and order denying the motion to enforce as procedurally improper under Bankruptcy Rule 7011 and determining that the relief sought required an adversary proceeding. (B.D.I. 4245, 4246).

On November 5, 2020, Trustee commenced the adversary proceeding against MSI raising identical issues as those asserted in the motion to enforce regarding the effects of the Debtors' bankruptcy and plan on MSI's obligations under the policies. On November 10, 2020, MSI's counsel informed Trustee that he was not authorized to accept service of the complaint. On November 19, 2020, Trustee filed *Plaintiff's Ex Parte Motion for Alternative Service on Defendant Mitsui Sumitomo Insurance Company, Limited Pursuant to Federal Rule of Civil Procedure 4(f)(3)* (Adv. D.I. 5) ("Alternative Service Motion") seeking authorization to serve process on MSI by sending a copy of the summons and complaint via regular U.S. mail and email to MSI's United States counsel pursuant to Federal Rule of Civil Procedure 4(f)(3).

Rule 4, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7004,

2

provides in subsection (h) that service must be made on a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f) provides:

> (f) **Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual … may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> . . . .; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). MSI objected to the Alternative Service Motion arguing, among other things, that the plain language of the rule prevented the Bankruptcy Court from granting the Alternative Service Motion and that the Rules required service upon MSI to be completed through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). According to MSI, Rule 4(f), made applicable to corporations solely through Rule 4(h)(2), applies only when service is being effected "at a place *not within any judicial district of the United States*," whereas the Alternative Service Motion sought to utilize Rule 4(f)(3) to effect service *within* the United States on MSI's U.S counsel. (Adv. D.I. 7 at 1). The Bankruptcy Court disagreed with MSI's asserted interpretation of the rules and agreed with other courts that have found that "the relevant circumstance is where the defendant is, and not the location of the intermediary." (Mem. Order at 4 (quoting *Washington State Inv. Board v. Odebrecht S.A.*, 2018 WL 6253877, *4 (S.D.N.Y. Sept. 21, 2018). The Bankruptcy Court

3

rejected MSI's Hague Convention argument, holding, "The internal law of the forum dictates whether there is occasion for service abroad and when 'service on a domestic agent is valid and complete under both state law and the Due Process Clause . . . the [Hague] Convention has no further implications.'" (Mem. Order at 5 (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)) (footnotes omitted)). "'If alternative means to effectuate service exist, strict compliance with the service requirements under the Hague Convention is not always mandatory.'" *Id.* (quoting *Affinity Labs of Texas, LLC v. Nissan North America Inc.*, 2014 WL 11342502, *2 (W.D. Tex. July 2, 2014)). Finally, the Bankruptcy Court rejected MSI's argument that the Trustee was required to attempt service abroad before seeking alternate service under Rule 4(f)(3). "Rule 4(f)(3) is devoid of express limitations that indicate its availability only after attempting service of process by other means." (Mem. Order at 5 (quoting *Crockett v. Luitpold Pharms., Inc.*, 2020 WL 4039046, at *2 (E.D. Pa. July 17, 2020))) (internal quotations and citations omitted). "Service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." (*Id.* at 6 (quoting *Crockett*, 2020 WL 4039046, *1)).

On February 23, 2021, the Bankruptcy Court issued the Memorandum Order, granting the Alternative Service Motion and authorizing Trustee to serve MSI's U.S. counsel via electronic and U.S. mail pursuant to Rule 4(f)(3).

## II.  JURISDICTION AND APPLICABLE STANDARDS

This Court has jurisdiction to hear appeals "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). Section 158(a) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. *See id.* "Typically, however, district courts follow the standards set forth

under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).[2] Under § 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. & Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989).

## III. DISCUSSION

### A. Controlling Question of Law

A "'controlling question of law' is 'one which would result in a reversal of a judgment after final hearing.'" *McCoy v. Favata*, 2020 WL 5891898, at *2 (D. Del. Oct. 5, 2020) (quoting *Katz*, 496 F.2d at 755). "It is also a question that does not require resolution of factual matters." *In re Venoco, LLC*, 2019 WL 2117638, at *3 (D. Del. May 19, 2019); *see also In re Maxus Energy Corp.*, 611 B.R. 532, 540 (D. Del. 2019) ("An order involves a 'controlling question of law' when it concerns a question of law, as opposed to one of fact or a mixed question of law and fact." (citation omitted)). MSI argues that its appeal presents "questions of pure law" that do not require the Court to "engage in a detailed study of the record" (D.I. 1 at 7), but this ignores the fact that the Bankruptcy Court entered the Memorandum Order after considering the specific

---

[2] *See also In re Philadelphia Newspapers, LLC,* 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b).").

5

facts of this case, and its decision was not purely legal. (*See* Mem. Order at 7) ("The facts and circumstances of this case support the Trustee's request for alternative service."). The Bankruptcy Court found the prior history between the parties of particular relevance when deciding to authorize alternative service.[3] "'The task of determining when the particularities and necessities of a given case require alternative service of process under rule 4(f)(3)' is left 'to the sound discretion of the district court.'" (Mem. Order at 6 (quoting *Crockett*, 2020 WL 4039046, at *1). As this Court's review of that decision involves a fact-based inquiry to determine whether the Bankruptcy Court abused its discretion, the appeal presents a mixed question of law and fact that is not appropriate for interlocutory review.

## B.   Substantial Ground for Difference of Opinion

"The 'controlling question of law' also must be one as to which there is 'substantial ground for difference of opinion.'" *Mesabi Metallics Co. v. Cleveland-Cliffs, Inc. (In re Essar Steel Minn. LLC)*, 607 B.R. 409, 416 (D. Del. 2019) (quoting 28 U.S.C. § 1292(b)). "This calls for more than mere disagreement with the ruling of the Bankruptcy Court." *Id.* "To satisfy this standard, 'the difference of opinion must arise out of genuine doubt as to the correct legal standard.'" *Id.* (quoting *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996) *aff'd*, 141 F.3d 1154 (3d Cir. 1998)). MSI asserts that the Supreme Court in *Volkswagenwerk* held that compliance with the Hague Convention is mandatory to effect service (*see* D.I. 1 at 11), but as the Bankruptcy Court noted, that decision does not hold that the Hague Convention must always

---

[3] *See* D.I. 2-3, 3/9/21 Hr'g Tr. at 5:10-16 ("The court found it significant through this memorandum order that Mitsui had appeared in this court a number of times. And specifically, have engaged in the main bankruptcy case objecting to confirmation and, otherwise, participating in the case so that the court determined that Mitsui's engagement and participation was not limited to simply appearing to contest service or [] jurisdiction").

6

be complied with before alternative service is ordered.[4] MSI has not cited any Third Circuit case adopting its interpretation of Rule 4(f). The Trustee, on the other hand, cites several cases from this circuit permitting alternative service on a defendant's U.S.-based counsel pursuant to Rule 4(f)(3), even where the defendant is located in a foreign country that is a signatory to the Hague Convention.[5] MSI has failed to show that there is substantial ground for a difference of opinion regarding the ruling.

### C. Whether Immediate Appeal May Materially Advance Termination of Litigation

"An interlocutory appeal materially advances litigation if it '(1) eliminates the need for trial, (2) eliminates complex issues so as to simplify the trial, or (3) eliminates issues to make discovery easier and less costly.'" *In re Paragon Offshore PLC*, 2020 WL 1815550, at *3 (D. Del. Apr. 9, 2020) (alterations omitted) (quoting *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994)). MSI argues that, absent an interlocutory appeal, the parties will "incur significant costs that may turn out to have been wholly unnecessary." (D.I. 1 at 20). MSI further claims that it will serve judicial efficiency to resolve this appeal now, rather than

---

[4] *See* Mem. Order at 5 n.19 (quoting *In re GLG Life Tech Corp. Secs. Litig.*, 287 F.R.D. 262, 266 n.7 (S.D.N.Y. 2012) ("While *Volkswagenwerk* noted in dictum that 'compliance with the [Hague] Convention is mandatory in all cases to which it applies," the Court "held only that the Hague Convention did not apply where service was made on a foreign citizen's agent within the United States . . . Thus *Volkswagenwerk* does not hold or even suggest that the Hague Convention must always be complied with before alternative service is ordered.")).

[5] *See, e.g., Marks Law Offs., LLC v. Mireskandari*, 704 F. App'x 171, 176–77 (3d Cir. 2017) (upholding service under Rule 4(f)(3) where service was made "by certified mail upon [defendants'] California Counsel"); *Vanderhoef v. China Auto Logistics, Inc.*, 2019 WL 6337908, at *3 (D.N.J. Nov. 26, 2019) (finding that plaintiffs' "proposed method of alternative service on the China Defendants' U.S. counsel is not prohibited by international law, specifically the Convention, of which the United States and China are both signatories"); *Crockett*, 2020 WL 4039046, at *1–2 (rejecting the defendants' argument "that service pursuant to Rule 4(f)(3) cannot be made unless attempts via Hague Convention protocols pursuant to Rule 4(f)(1) have been exhausted and have been unsuccessful," as "Rule 4(f)(3) is an equally valid method for service as Rule (4)(f)(1)").

7

allowing the case to proceed in front of the Bankruptcy Court and later determine whether the Bankruptcy Court in fact had jurisdiction over MSI. But allowing interlocutory appeal of the Memorandum Order has no effect on a trial or discovery procedures. The parties will necessarily engage in litigation before the Bankruptcy Court regardless of whether the issue of service is addressed now or after a final judgment from the Bankruptcy Court. Resolving this appeal now does nothing to materially advance the termination of the litigation.

### D.     Exceptional Circumstances

"Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *AE Liquidation*, 451 B.R. at 349 (internal quotation marks omitted). The Motion for Leave does not identify any exceptional circumstances that might warrant deviation from the final judgment rule.

## IV.     CONCLUSION

Accordingly, the Court will deny the Motion for Leave. A separate order will be entered.

August 26, 2021

_/s/ Richard G. Andrews_
United States District Judge

8